# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:16-CV-00749-FDW-DCK

| | |
|---|---|
| MARIELA HERNANDEZ REYES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | CASE MANAGEMENT ORDER |
| LEON RODRIGUEZ, Director, United ) | |
| States Citizenship and Immigration ) | |
| Services, ) | |
| ) | |
| Defendant. ) | |

THIS MATTER, upon assignment to the Honorable Frank D. Whitney, and following conference of counsel, shall be governed by the following Case Management Order.

### DEADLINES AT A GLANCE

| | |
|---|---|
| Initial Disclosures: | Exempt under Fed. R. Civ. P. 26(a)(1)(B)(i) |
| Certified Administrative Record filed: | February 17, 2017 (Defendant) |
| Motion Related to Contents of Certified Administrative Record: | March 3, 2017 (Plaintiff) |
| Motion to Set Aside Final Agency Action: | March 10, 2017 (Plaintiff) |
| Motion for Judgment on the Record: | April 7, 2017 (Defendant) |
| Plaintiff's Response: | April 14, 2017 (Plaintiff) |
| Defendant's Response: | April 21, 2017 (Defendant) |
| Trial: | July 3, 2017 |

**I.     DISCOVERY**:  Discovery in this case is already completed.

    a. **Disclosures and Supplementation.**  The parties are exempt from initial disclosures under Fed. R. Civ. Pr. 26(a)(1)(B)(i).

    b. **Certified Administrative Record**.  Defendant shall file the certified administrative record from the agency proceedings with the Court by **February 17, 2017**.

    c. **Protective Orders; Filings Under Seal.**  In order to avoid unnecessary delay in responding to discovery requests, the Court has adopted a standing protective order that is applicable to each case before the undersigned, subject to supplementation, modification, or vacatur, as the need may arise, upon motion of a party.  See Standing Protective Order for Civil Cases Before the Honorable Frank D. Whitney, Miscellaneous No. 3:07-MC-47 (Doc. No. 3).  Even with a protective order governing confidential documents in place, however, Court filings may be kept under seal only upon written motion of a party satisfying the requirements of Stone v. University of Maryland Medical System Corp., 855 F.2d 178, 180-81 (4th Cir. 1988) and Local Civil Rule 6.1.  Specifically, any motion to seal shall set forth: (i) a non-confidential description of the material sought to be sealed; (ii) a statement of reasons sufficient to overcome the public's presumptive right of access; (iii) a statement as to why sealing is necessary (*i.e.*, why there are no adequate alternatives to filing under seal); (iv) a statement as to the period of time the party seeks to have the material maintained under seal and as to how the matter is to be handled upon unsealing; and (v) supporting statutes, case law, or other authority.

    d. **Motions to Compel.**  Consistent with the spirit, purpose, and explicit directives of the Federal Rules of Civil Procedure and this District's Local Rules, the Court

expects all parties (and counsel) to attempt in good faith to resolve discovery disputes without the necessity of court intervention. Failing this, the parties are required, within fourteen (14) calendar days after a discovery dispute arises,[1] to schedule and submit to an informal telephonic conference before the referral magistrate judge (or the presiding district judge, if the magistrate judge is unavailable prior to the expiration of the 14 days). The judicial officer presiding over such a teleconference shall have jurisdiction to: (i) mediate the parties' own resolution of the dispute; (ii) make a summary legal determination on the merits of the dispute, if appropriate; (iii) require the aggrieved party to file a written motion to compel and/or set an abbreviated briefing schedule, if appropriate; and (iv) award appropriate sanctions pursuant to Rule 37.

II. **ALTERNATIVE DISPUTE RESOLUTION**: The method of ADR to be utilized in this case is in the parties' discretion. The timing for completing ADR and filing a report on the results is also in the parties' discretion. However, <u>at least two full weeks prior to trial</u>, counsel for all parties shall discuss the possibility of a settlement. If at any time a settlement is reached it shall be reported immediately to the Court, in writing, together with a realistic target date by which the parties can have a formal stipulation of dismissal filed. Upon notification of settlement, the Court will enter an Order nominally dismissing the case without prejudice to the right of any party to reopen it should the settlement not be consummated as contemplated.

III. **MOTIONS**

---

[1] This time limitation may only be extended with leave of Court for good cause shown, and failure to timely submit to this procedure will result in the objection being deemed waived.

a. **Motions Deadlines.** Plaintiff shall file any motion related to the contents of the certified administrative record by **March 3, 2017**. The briefing schedule shall be suspended until the dispute over the certified administrative record is resolved. Plaintiff shall file a motion to set aside a final agency action on or before **March 10, 2017**. Defendant shall file a motion for judgment on the record on or before **April 7, 2017**. Plaintiff's Response is due by **April 14, 2017**, and Defendant's Response is due by **April 21, 2017**. Parties may not extend these deadlines by agreement and stipulated extensions of the deadline for completion of all discovery will not alter the motions deadline.

b. **Memoranda of Law**

   i. <u>Requirements</u>. Every motion shall include, or be accompanied by, a brief written statement setting forth the facts, the procedural history of the case, the standard of review, a statement of the law, including citations of authority and the grounds on which the motion is based, arguments addressing each issue presented for review, and a brief conclusion and statement of the specific relief requested. Motions not in compliance with this Order are subject to summary denial.

   ii. <u>Word limits</u>:

   iii. Unless <u>prior</u> permission has been granted, memoranda of law in support of or in opposition to any discovery or evidentiary motion shall not exceed **3,000** words, and reply memoranda will not be permitted in discovery or evidentiary disputes.

   iv. Unless <u>prior</u> permission has been granted, memoranda of law in support of

or in opposition to any dispositive motion shall not exceed **4,500** words, and reply memoranda shall not exceed **1,500** words

c. **Exhibits.** A copy of all exhibits upon which a party relies in support of or in opposition to a motion shall be included as an "Appendix" or "Attachment" thereto and filed with the Court.

d. **Enlargement of Time.** If counsel need additional time to file motions or responses to motions, a motion for extension of time shall be filed, accompanied by a proposed order. The moving party must show consultation with opposing counsel regarding the requested extension and must notify the Court of the views of opposing counsel on the request. If a party fails to make the requisite showing, the Court may summarily deny the request for extension.

e. **Hearings.** This matter shall be decided on the motion for judgment on the record and the responses thereto (if applicable), the briefs submitted in support, and review of the administrative record. Oral arguments are not anticipated or allowed unless otherwise ordered by the Court. All motions requiring a hearing will be heard as soon as is practical. Deputy Clerk Candace Cochran (Tel: 704.350.7402) will assist the Court and counsel in setting a specific time and date during the designated week and should be counsel's point of contact for that purpose.

f. **Local Rules.** In all other respects not specifically covered by this Order, all briefs shall comply with the Local Rules for the Western District of North Carolina, including but not limited to, the font size and page limitations set forth in Local Rule 7.1(D).

**IV. TRIAL**

a. **Trial.** Should a trial be necessary in this case, counsel should be prepared to proceed to trial at the first available mixed term of court commencing on or after **July 3, 2017**.

a. **Final Pretrial Conference.** The Court shall determine the date of the final pretrial conference at the time it rules on the motion for judgment on the record. On or before the date of the final pretrial conference, counsel shall seriously revisit the possibility of settlement and be prepared at conference to inform the Court of the parties' efforts.

b. **Pretrial Submissions.** The Court requires the following pretrial submissions to be jointly drafted and submitted to Chambers at least seven (7) calendar days prior to the final pretrial conference:

   i. Jointly-Proposed Pretrial Order. This jointly-prepared and jointly-submitted document shall contain:

   (1) A joint statement of the case, the purpose of which is to acquaint the jury with the nature of the case. Unless the case is extremely complex, this statement should not ordinarily exceed one page.

   (2) Stipulations as to all issues of law or fact to which the parties can agree for purposes of streamlining trial. If a party fails to stipulate to a fact (*e.g.*, the authenticity of a document) without articulating a good faith basis for disputing it, the Court shall assess against that party the opposing party's costs (including the cost of subpoena service, witness travel costs and fees, and reasonable attorney's fees) incurred in proving the fact at trial. See Fed. R. Civ. P.

37(c)(2).

(3) A brief synopsis (no argument) of the legal or factual contentions about which the parties have been unable to stipulate. Any advocacy should be reserved for a trial brief which may be submitted as provided in Paragraph 4(d) below.

(4) A list of exhibits that each party may offer at trial (except those offered solely for impeachment or cross-examination), numbered sequentially; a brief description of the exhibit; any stipulations as to authenticity or admissibility; and the basis for any objections. This information shall be entered into a table in substantially the following format (the last two columns should be left blank to be completed by the courtroom clerk at trial):

| Exh. No. | Description | Stipulation – Authenticity | Stipulation – Admissibility | Objections | Identified By | Admitted |
|---|---|---|---|---|---|---|
| 1 | Police Report | Yes | No | Hearsay | | |
| 2 | Draft of Contract | No | No | Foundation, Relevance, Parol Evidence | | |

(5) Designations by volume, page and line of all portions of pleadings and discovery materials, including depositions, interrogatories, and requests for admission, that each party may offer at trial (except those offered solely for impeachment or cross-examination); cross-designations; a brief description of the substance of the designation; and the basis for any objections. This information should be entered

                into a similar table format as the exhibit list.

        (6)    A list of the names and addresses of all witnesses each party may offer at trial, together with a brief statement of what counsel proposes to establish by their testimony.

        (7)    A statement of the qualifications of any expert witness a party may offer at trial, unless the parties have stipulated to the qualifications of the expert witness as provided above.

ii. <u>Jointly-Proposed Voir Dire.</u> The general procedures governing voir dire are set forth in the Court's Standing Order Governing Jury Selection and Instruction in Civil Cases Before the Honorable Frank D. Whitney, Miscellaneous No. 3:07-MC-47 (Doc. No. 5). In addition to the Court's standard voir dire, counsel may prepare and jointly submit a single compilation of voir dire questions sought to be asked, also noting the agreement or objection of other parties to each proposed question. Pursuant to Rule 47(a), the Court will ask prospective jurors only such of the proposed voir dire as it deems proper.

iii. <u>Jointly-Proposed Jury Instructions.</u> The general procedures governing jury instruction are set forth in the Court's Standing Order Governing Jury Selection and Instruction in Civil Cases Before the Honorable Frank D. Whitney, Miscellaneous No. 3:07-MC-47 (Doc. No. 5). Any objections to, or requests for modification or supplementation of, the Court's pattern jury instructions must be made at this time or may be deemed waived. In addition to the Court's generally-applicable pattern jury instructions,

counsel should prepare and <u>jointly submit a single compilation</u> of proposed jury instructions that are narrowly tailored to the anticipated issues arising at trial (*e.g.*, the elements of the claims and defenses at issue), subject to supplementation at the close of evidence, as necessary, as contemplated by Rule 51.  Counsel shall identify and index each proposed instruction by number and heading, and support each proposed instruction with adequate legal authority.  Where there is disagreement as to any instruction, this jointly prepared submission shall disclose the basis for a party's objection and (if applicable) provide a proposed alternate instruction.

iv. <u>Exhibits.</u>  All proffered documentary exhibits (including designated portions of discovery materials), shall be electronically published through the multimedia technology available in the courtroom.  Accordingly, immediately after submitting the jointly-proposed pretrial order, counsel shall submit to Chambers a CD-ROM containing the pertinent files (in JPEG or PDF format for documents and images and MPEG format for audio/video), named according to the corresponding exhibit number assigned to the exhibit in the proposed pretrial order.  These exhibit CD-ROMs are to be courtesy copies for the Court.  <u>Counsel should be aware that each party will bear sole responsibility for maintaining the actual exhibits offered by that party and admitted at trial.</u>

All working drafts of documents (*e.g.*, the proposed pretrial order, voir dire, jury instructions) shall be submitted to Chambers electronically, in either Microsoft Word or Rich Text (RTF) format, utilizing the CyberClerk feature of CM/ECF.

Submissions required to be made in a tangible medium (*e.g.*, hard copies of papers and exhibits) must be sent so as to ensure their receipt in Chambers by the deadlines set forth herein.

c. **Motions *In Limine* and Trial Briefs.** To the extent that contested issues of law and evidentiary objections can be anticipated in advance of trial, trial briefs and/or motions *in limine*, if appropriate, shall be filed on the Monday prior to the first day of the trial term during which the case has been calendared. Written responses shall be due on the Thursday prior to the first day of the trial term. Word limits for motions *in limine* shall be governed by Paragraph 3(c)(i) and word limits for trial briefs shall be governed by Paragraph 3(c)(ii).

d. **Video Depositions.** If video depositions are taken and counsel intend to use them at trial, counsel are directed to resolve any objections and edit the video accordingly so that the video may be shown without interruption. Failure to do this prior to trial will result in objections being deemed to be waived.

e. ***De Bene Esse* Depositions.** *De bene esse* trial depositions may not be taken outside of the discovery period without consent of all parties or leave of court upon a showing: (i) that the deponent will be unavailable at trial for one of the reasons set forth in Rule 32(a)(3) and, if the reason for unavailability is that the witness resides outside of the Court's subpoena power, that the party desiring the testimony has first made a good faith effort to obtain the voluntary attendance of the witness at trial; (ii) that the witness had not previously been deposed in a discovery deposition, or that exigent facts exist that would justify reopening the deposition; (iii) that the deposition can be scheduled at least fourteen (14) calendar days before the first day

of the trial term during which the case has been calendared; and (iv) that no substantial and irremediable prejudice will result to an adverse party on account of the taking of the deposition.

  **f.**   **Trial Subpoenas.** Counsel must subpoena all witnesses at least fourteen (14) calendar days before the first day of the trial term during which the case has been calendared. The Court may elect not to enforce subpoenas that have not been issued in compliance with this deadline or, if requested, may quash subpoenas that have not been issued in compliance with this deadline.

  **g.**   **Assessment of Jury Costs.** Whenever a civil action scheduled for a jury trial is settled or otherwise disposed of in advance of the actual trial, the Court may assess all jurors' costs (including Marshal's fees, mileage reimbursement, and *per diem* fees) equally against the parties or otherwise may determine appropriate assessments, unless the Clerk's office is notified at least one (1) full business day prior to the date on which the action is scheduled for trial or the parties establish good cause why the Court should not assess jury costs against them. When any civil trial is settled at trial in advance of a verdict, the Court likewise may make the same assessments unless the parties establish good cause why the Court should not do so.

  IT IS SO ORDERED.

Signed: February 14, 2017

_____
Frank D. Whitney
Chief United States District Judge